UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL TEKLEMARIAM HAGOS,

　　　　　　　Plaintiff,

　v.

MAHALIA KAHSAY, et al.,

　　　　　　　Defendants.

CASE NO. 2:23-CV-251-JLR-DWC

REPORT AND RECOMMENDATION

Noting Date: April 21, 2023

　　　Plaintiff Daniel Teklemariam Hagos, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkt. 1-1. The Court has considered Plaintiff's proposed complaint and concludes Plaintiff has not stated a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Accordingly, the Court recommends this case be dismissed for failure to state a claim and Plaintiff's Application to Proceed *In Forma Pauperis* (IFP) be denied.

**I.　　Background**

　　　In the proposed complaint, Plaintiff, a pretrial detainee housed in the King County Jail ("Jail"), alleges his rights were violated by Mahalia Kahsay, his defense attorney, Owen Lesesne, the deputy prosecutor, and the State of Washington. Dkt. 1-1. Specifically, Plaintiff asserts Ms.

Kahsay provided ineffective assistance of counsel, Mr. Lesesne prosecuted with fabricated evidence, and the State of Washington has not provided him with discovery. *Id*. Plaintiff requests monetary damages and that the Court send "Mahalia Kahsay, Officer Moreno, Owen Lesesne, Edwin Aralica, and Mat Sanders to FEDERAL PRISON." *Id*. at 9 (capitalization in original).

**II.     Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an

1  act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping
2  conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d
3  at 633-34. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the
4  defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S.
5  378, 385-90 (1989).

6  **Defendant Kashay.** Plaintiff alleges Defendant Kashay, his court-appointed defense
7  attorney, provided ineffective assistance during his criminal proceeding. *See* Dkt. 1-1. As stated
8  above, to state a claim for relief under § 1983, Plaintiff must "plead that (1) the defendants acting
9  under color of state law (2) deprived [him] of rights secured by the Constitution or federal
10 statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The United States
11 Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and
12 therefore, are not subject to § 1983 liability when they are acting in the capacity of an advocate
13 for their clients. A "lawyer representing a client is not, by virtue of being an officer of the court,
14 a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson,*
15 454 U.S. 312, 318 (1981). Plaintiff alleges Defendant Kashay in liable under § 1983 based on her
16 actions as his defense attorney. *See* Dkt. 1-1. As Defendant Kashay is not a state actor and,
17 therefore, cannot be liable under § 1983, Plaintiff has failed to state a claim against her.

18 **Defendant Lesesne.** Plaintiff alleges Defendant Lesesne, a deputy prosecuting attorney,
19 based the criminal case against Plaintiff on fabricated evidence. Dkt. 1-1. Prosecutors are entitled
20 to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S.
21 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her
22 authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir.
23 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the
24

REPORT AND RECOMMENDATION - 3

genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). Defendant Lisesne has immunity as a prosecutor; therefore, Plaintiff has failed to state a claim against him.

**State of Washington.** Plaintiff alleges the State of Washington has not provided discovery documents from a January 25, 2021 case. Dkt. 1-1. The Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. *See* U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). However, "[a] state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted). Here, there is no indication the State of Washington has waived sovereign immunity rights under the Eleventh Amendment. Therefore, the Court finds Plaintiff cannot state a claim upon which relief can be granted as to the State of Washington. *See Safouane v. Fleck*, 226 F. App'x 753, 760 (9th Cir. 2007) ("Washington state courts have held that the State of Washington has not waived its Eleventh Amendment immunity for purposes of actions under § 1983.").

**III.    Leave to Amend**

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, any attempt by Plaintiff to amend the proposed complaint would be futile. The named defendants are not proper

and additional allegations against these defendants would not cure the deficiencies. As such, the Court finds Plaintiff should not be afforded leave to amend his proposed complaint.

### IV. Conclusion

For the above stated reasons, the Court finds Plaintiff has failed to state a claim upon which relief can be granted and leave to amend would be futile. Therefore, the Court recommends this case be dismissed and the dismissal count as a "strike" under 28 U.S.C. §1915(g). The Court also recommends Plaintiff's Application to Proceed IFP be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 21, 2023, as noted in the caption.

Dated this 31st day of March, 2023.

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5